UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

 SEALED

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 19cr10473 |
| ) | |
| v. ) | Violations: |
| ) | |
| JESSICA L. GREENAN, ) | Counts One - Seven: Wire Fraud |
| ) | (18 U.S.C. § 1343) |
| ) | |
| Defendant ) | Counts Eight - Nine: Bank Fraud |
| ) | (18 U.S.C. § 1344) |
| ) | |
| ) | Counts Ten - Eleven: Aggravated Identity Theft |
| ) | (18 U.S.C. § 1028A(a)(1)) |
| ) | |
| ) | Forfeiture Allegation: |
| ) | (18 U.S.C. § 981(a)(1)(C), 982(a)(2) and |
| ) | 28 U.S.C. § 2461) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. The defendant, JESSICA L. GREENAN, ("GREENAN"), was a resident of Massachusetts.

2. Owner A owned and operated Victim Company, a company located at Chatham, Massachusetts and engaged in commercial home construction.

3. Owner A maintained bank accounts in the name of Victim Company, including an account ending in -2559 at Dedham Institution For Savings, commonly known as Dedham Savings ("Dedham Savings"), and an account ending in -4663 at Cape Cod Five Cents Savings Bank ("Cape Cod 5").

1

4. Owner A also maintained a J.P. Morgan Chase ("Chase") credit card account ending in -8963 that was jointly held in the names of Victim Company and Owner A. Chase processed its credit card charges through interstate wire facilities at Belleville, Michigan and Wilmington, Delaware.

5. Dedham Savings and Cape Cod 5 were financial institutions as defined in 18 U.S.C. § 20.

6. Automatic Data Processing, Inc. ("ADP") was a payroll processing company. ADP provided payroll services for Victim Company.

7. From on or about August 18, 2018 to on or about September 6, 2019, GREENAN was employed as the bookkeeper for Victim Company. Among GREENAN's duties and responsibilities as bookkeeper was to manage the company's payroll and accounts payable. In that capacity, GREENAN was responsible for making bank deposits, paying supplier invoices (online and via check), preparing checks for payments, and submitting payroll requests to ADP on behalf of the Victim Company.

8. To accomplish her duties, GREENAN was given access to the Dedham Saving and Cape Cod 5 Bank accounts that Owner A maintained on behalf of Victim Company as well as access to the Chase credit card account that Owner A maintained jointly in his name and in the name of Victim Company.

9. GREENAN was never authorized to sign checks on behalf of Victim Company or to add Owner A's signature to Victim Company checks.

10. GREENAN maintained the following personal accounts, in her own name and/or the name of her husband:

a. Credit card accounts (collectively the "GREENAN credit cards") at Chase, Discover, Bank of America, Citi Bank, Old Navy, First Premier and American Express ("AMEX"), including AMEX credit card account ending in -1018. AMEX credit card wire payments are processed through interstate wire facilities located at Plantation, Florida.

b. Ally Bank automobile loans for automobiles, including a loan ending in -4122. Ally Bank auto loan payments were processed through interstate wire facilities in New York.

and

c. A Cooperative Bank of Cape Cod ("Cooperative Bank") account ending in -7953. Cooperative Bank was a financial institutions as defined in 18 U.S.C. § 20.

## The Scheme to Defraud

11. From on or about at least August 31, 2018 to on or about September 13, 2019, GREENAN operated, by various means, a scheme to embezzle and misappropriate funds belonging to Owner A and Victim Company.

12. As part of the scheme, GREENAN used Owner A's Chase credit card account ending in -8963 without authorization to pay for personal expenses including charges that had been incurred by GREENAN, her husband and her son.

13. GREENAN also made fraudulent and unauthorized wire transfers from Victim Company's Dedham Savings account ending in -2559 and from Victim Company's Cape

Cod 5 account ending in -4663 to make payments to her credit cards, including to her AMEX credit card account ending in -1018.

14. GREENAN also made fraudulent and unauthorized wire transfers from Victim Company's Cape Cod 5 account ending in -4663 to pay Ally Bank auto loans in GREENAN and her husband's names.

15. During the scheme, GREENAN forged Owner A's signature without authorization in order to make fraudulent and unauthorized bank transfers between Victim Company's Dedham Savings account ending in -2559 and Victim Company's Cape Cod 5 account ending in -4663.

16. After her employment with Victim Company was terminated, GREENAN fraudulently caused ADP to credit her payroll payments to which she was not entitled by emailing ADP in New Jersey, which resulted in ADP instructing Cape Cod 5 to transfer payroll funds into GREENAN's Cooperative Bank account ending in -7953.

17. In furtherance of her scheme and in an effort to conceal it, GREENAN falsified the books and records she maintained for Victim Company by misrepresenting the embezzled funds as vendor expenses paid on behalf of Victim Company.

18. Over the course of the scheme, GREENAN embezzled and misapplied at least $392,692 in funds belonging to Owner A and Victim Company.

## COUNTS ONE – SEVEN
## Wire Fraud
## (18 U.S.C. § 1343)

The Grand Jury charges:

19. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 18 of this Indictment.

20. On or about the dates set forth below, in the District of Massachusetts, and elsewhere, the defendant,

### JESSICA L. GREENAN,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description of Transaction |
| --- | --- | --- |
| 1 | September 8, 2018 | Interstate wire communication regarding $500 credit card charge using Chase credit card account ending in -8963. |
| 2 | October 17, 2018 | $5,000 interstate wire transfer of funds from Dedham Savings account ending in -2559 to AMEX account ending in -1018. |
| 3 | October 22, 2018 | $1,636.07 interstate wire transfer of funds from Cape Cod 5 account ending in -4663 to Ally Bank as payment for loan ending in - 4122. |
| 4 | September 7, 2019 | $1,000 interstate wire transfer of funds from Cape Cod 5 account ending in -4663 to AMEX account ending in -1018. |
| 5 | September 8, 2019 | $5,500 interstate wire transfer of funds from Cape Cod 5 account ending in -4663 to AMEX account ending in -1018. |
| 6 | September 12, 2019 | Interstate wire communication from Victim Company online payroll account to ADP requesting transfer of payroll funds to Cooperative Bank account ending in -7953 in the amount of $1,840. |

| 7 | September 13, 2019 | Interstate wire communication from Victim Company online payroll account to ADP requesting transfer of payroll funds to Cooperative Bank account ending in -7953 in the amount of $4,500. |

All in violation of Title 18, United State Code, Section 1343.

## COUNTS EIGHT – NINE
## Bank Fraud
## (18 U.S.C. § 1344)

The Grand Jury further charges:

19. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 18 of this Indictment.

20. On or about the dates set forth below, in the District of Massachusetts, and elsewhere, the defendant,

### JESSICA L. GREENAN,

knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution, that is, Dedham Savings, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of Dedham Savings by means of materially false and fraudulent pretenses, representations, and promises, to wit, by wrongfully forging Owner A's signature on checks drawn on Dedham Savings and depositing said checks into an account at Cape Cod 5, as follows:

| Count | Approximate Date | Check No. | Account of Withdrawal | Amount |
|---|---|---|---|---|
| 8 | August 28, 2019 | 1804 | -2559 (Dedham Savings | $26,000 |
| 9 | August 30, 2019 | 1760 | -2559 (Dedham Savings) | $11,500 |

All in violation of Title 18, United States Code, Section 1344.

## COUNT TEN
Aggravated Identity Theft
(18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

21. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 18 of this Indictment.

22. On or about August 28, 2019, in the District of Massachusetts, and elsewhere, the defendant,

JESSICA L. GREENAN,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name and purported signature of Owner A, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, bank fraud, as charged in Count Eight of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT ELEVEN
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

23. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 18 of this Indictment.

24. On or about August 30, 2019, in the District of Massachusetts, and elsewhere, the defendant,

JESSICA L. GREENAN,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name and purported signature of Owner A, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, bank fraud, as charged in Count Nine of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION
(18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) & 28 U.S.C. § 2461(c))

The Grand Jury further finds:

25. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1343 and 1344 set forth in Counts One through Nine of this Indictment, the defendant,

JESSICA L. GREENAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

  a. $ 392,692, to be entered in the form of a forfeiture money judgment;

  b. 2016 Jeep Cherokee, VIN #1C4PJMCB9GW118166; and

  c. 2014 Chevrolet Cruz, VIN #1G1PC5SBXE7209755

26. If any of the property described in paragraph 25, above, as being forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred to, sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), each incorporating Title 21, United States

Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in paragraph 25 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
VICTOR A. WILD
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; DECEMBER 17th, 2019

Returned into the District Court by the Grand Jurors and filed.

Dawn M. King 11:59am
DEPUTY CLERK